LEE HOLMES AND SALLY HOLMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holmes v. Commissioner
Docket No. 29083-84.
United States Tax Court
T.C. Memo 1987-475; 1987 Tax Ct. Memo LEXIS 471; 54 T.C.M. (CCH) 595; T.C.M. (RIA) 87475; September 21, 1987; As amended September 21, 1987 Lee Holmes, pro se. Kirk S. Chaberski, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency of $ 10,404.00 in petitioners 1981 Federal income tax. After concessions, [1] the issues remaining for decision are (1) whether petitioners are entitled to and have adequately substantiated Schedule C truck expenses, Schedule E rental expenses, depreciation of and casualty losses to rental properties; and (2) whether, due to adjustments in petitioner-husband's business profits, petitioners are subject to additional self-employment tax. *472 FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts are incorporated herein by reference. Petitioners, Lee Holmes and Sally Holmes, resided in Little Rock, Ark., when they timely filed the petition in this case. Petitioners filed a joint Federal income tax return for the 1981 taxable year with the Internal Revenue Service Center in Austin, Tex.
Mr. Holmes was a self-employed professional plumber during the 1981 taxable year. Petitioners also owned and operated a rental parcel in Pulaski County, Ark. There were two houses and four trailers on the parcel at the beginning of the 1981 taxable year. Petitioners attached Schedule C (Profit or (Loss) From Business or Profession) to their 1981 Federal income tax return. They claimed cost of goods sold in the amount of $ 11,737.00 and deductions in the amount of $ 2,425.00. Included within the deductions were claims for car and truck expenses in the amount of $ 1,580.00 and utility/telephone expenses in the amount of $ 240.00. Petitioners also filed a Schedule E (Supplemental Income Schedule) with their 1981 Federal tax return to reflect both income and expenses connected with their *473 rental properties. The claimed expenses totalled $ 4,874.00 and consisted of advertising ($ 28.00); utilities ($ 3,370.00); supplies ($ 475.00); insurance ($ 425.00); and garbage removal ($ 576.00). Petitioners depreciated the rental property using a ten-year straight-line depreciation method with a useful life of ten years and no salvage value. Depreciation for the 1981 taxable year was taken in the amount of $ 4,100.00. Petitioners also attached Form 4864 (Casualties and Thefts) to their 1981 tax return. They claimed casualty losses on their rental property totalling $ 5,900.00. [2]
Respondent sent a notice of deficiency to petitioners on May 16, 1984. Respondent disallowed the following expenses for failure to to adequately substantiate: (1) Cost of goods sold
$ 11,737.00
(2) Utilities/telephone
240.00
(3) Truck expense
1,580.00
(4) Rental expenses
4,874.00
(5) Rental depreciation
4,100.00
(6) Casualty losses
6,000.00
(7) Miscellaneous deductions
860.00
Respondent has since *474 conceded petitioners' cost of goods sold, utility/telephone [3] and miscellaneous deductions. Mr. Holmes offered no documentary evidence at trial to substantiate his claimed truck expense of $ 1,580.00. He testified that he estimated his truck expense at $ 25.00 per week. [4] Petitioners also failed to offer any evidence to support their advertising ($ 28.00) or insurance ($ 425.00) expenses. In fact, Mr. Holmes admitted that he did not carry insurance during the 1981 taxable year. *475 In support of other rental expenses petitioners offered several cancelled checks. Petitioners paid the Arkla Gas Company $ 2,082.70 with sixteen checks drawn on R. L. Holmes account in 1981. Of the sixteen checks, two were written on January 10th; two on February 15th; two on March 9th; one on March 28th; one on March 29th; two on May 15th; two on June 20th; and two on September 15th. Mr. Holmes was unsure of how may gas meters were on the rental property in 1981, but he believed there were two. Although four different account numbers appeared on the face of the cancelled checks, petitioners failed to offer any evidence linking any of the accounts to the rental property. Petitioners also paid the Little Rock Water Company a total of $ 947.96 in 1981 with seventeen checks drawn on the account of R. L. Holmes. Included in these checks are one dated January 10th; one dated January 30th; one dated February 25th; two dated March 9th; one dated March 28th; one dated April 8th; two dated May 15th; two dated July 12th; one dated August 10th; two dated September 15th, and three dated October 10th. Mr. Holmes testified that there were two meters at the rental properties in 1981. Again, *476 four different accounts were stated on the face of the checks and petitioners failed to present any evidence connecting a particular account to the rental property. Petitioners submitted cancelled checks payable to the Arkansas Power and Light Company in a total amount of $ 909.71. There were eight checks drawn on the account of R. L. Holmes. There was a check for each month from March through July and September through November, ranging from $ 97.00 to $ 139.00. Again, petitioners offered no documentation in support of their contention that these checks were written for the rental property in Pulaski County. Petitioners submitted one cancelled check in the amount of $ 110.00 to the Little Rock Waste Water Utility. Mr. Holmes testified that he was not sure that the check was written for the rental property. Petitioners also paid $ 599.11 to Cash Lumber Co. and Lowe's for lumber and/or building supplies during 1981. Petitioners failed to offer documentation in support of their contention that supplies were bought to fix the rental properties. Petitioners did, however, testify that no repairs were made on their residence during 1981. Finally, in support of the claimed deduction *477 for garbage removal, petitioners submitted four checks drawn on the account of R. L. Holmes payable to Arkansas Waste Disposal in the amount of $ 339.15. One check was written in the amount of $ 88.70 in April; one check was written in June for $ 133.05, one in July for $ 44.35 and one in October for $ 133.05. Mr. Holmes testified that garbage collection is free in the section of Little Rock where his residence is located, but that he must pay for garbage removal on the rental property which is in a rural area. Petitioners claimed depreciation of $ 4,100.00 on all of their rental properties in 1981. They failed to file a depreciation schedule in 1981. However, according to Mr. Holmes, based on their 1980 depreciation schedule, [5] the acquisition date and alleged cost or other basis for each unit was as follows: Cost or
Property
Date of Acquisition
Other Basis
House
1970
$ 18,000.00
Trailer 1
1980
1,000.00
Trailer 2
1973
5,000.00
Trailer 3
1975
5,000.00
Trailer 4
1974
7,000.00
House
1970
4,000.00
*478 Petitioners depreciated all their rental units using a ten-year straight-line method with a useful life of ten years and no salvage value. Although not specified it seems the $ 4,100 depreciation taken in 1981 was attributable to the $ 18,000 house and the four trailers. Petitioners paid $ 18,944.50 for the house and lot in Pulaski County, Ark. A chicken house and a feed house were also located on the lot when purchased. Petitioners valued the house at $ 18,000.00 and the other structures and the land at $ 944.50. Petitioners offered no documentary evidence to support their cost or other basis in any of the four trailers. In addition to depreciation claimed on all four trailer for the entire 1981 taxable year, petitioners also claimed a casualty loss in the amount of $ 6,000 for the total destruction of one of the four trailer and the partial destruction of another of the trailers. Petitioners claimed the 1973 trailer was totally destroyed by a fire which occurred on or about February 1981. [6] The claimed amount of the loss was $ 5,000. Petitioner also claimed $ 1,000 casualty loss for damage to his 1974 trailer. [7] Again, however, petitioner failed to offer any evidence as *479 to the cost or other basis of either trailer or as to the value of the trailers after the fire. Additionally, petitioner's testimony on the issue is in conflict with his 1981 tax return. [8]
*480 OPINION The first question in this case is whether petitioners are entitled to and have adequately substantiated their claimed deductions for truck expenses, rental expenses, depreciation and casualty losses. Petitioners have the burden of proving that respondent's determination is incorrect and that they are entitled to the deductions at issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [9] This Court is empowered to make an allowance for the type of deduction claimed by petitioners, based on an estimate, if we are convinced the expense actually occurred and a basis exists to estimate the deduction. Cohan v. Commissioner,39 F.2d 540 (1930). In this case, petitioners offered no documentary proof in support of truck expenses actually incurred. Nor did they offer any evidence of local business mileage so that the optional method of computing automobile expenses could be applied. Since petitioners' estimate of truck *481 expenses is not related to actual expenses or mileage, we have no basis on which to estimate the deduction. Similarly, petitioners offered no evidence to substantiate rental expenses for advertising and insurance. In fact, Mr. Holmes admitted at trial he did not carry insurance during the 1981 taxable year. Petitioners did offer cancelled checks in support of their other rental expenses. They produced checks to Little Rock Water Works, Arkansas Power and Light Company, Little Rock Waste Water Company and two lumber stores. Petitioners failed, however, to present any evidence connecting these payments to the rental property. Thus petitioners have failed to prove they are entitled to claim these expenses under section 212 and we must, therefore, disallow the deductions. Rule 142(a). A reasonable basis does exist to permit a partial deduction for payments to Arkla Gas Company. Petitioners presented sixteen checks payable to Arkla Gas drawn on the account of R. L. Holmes. While none of the payments were specifically for the rental property, there were account numbers on the face of all the checks. Of the sixteen checks drawn, eight were payable to account number 1546418042 *482 and six were payable to account number 1148276041. [10] In addition, the date the checks were drawn for both accounts were identical with one exception. A check was drawn for account number 1148276041 on March 28 and a check was drawn on account number 1546418042 on March 29. [11] The checks for account 1148276011 ranged from $ 169.76 to $ 319.66, but the checks for account 1546418042 ranged from $ 16.59 to $ 88.14. Mr. Holmes' testimony at trial explains the disparity in the checks for the two accounts. Mr. Holmes testified that certain checks might have been for his *483 residence but it was impossible that other checks were for his home because they were too high. He stated that his average gas bill for his residence was about $ 30 per month. Mr. Holmes was unsure if there were one or two gas meters on the rental property. He thought there were two, one for the big house and one for the four trailers and the small house. We find under this record that the gas bill at the rental property would be greater than the bills for petitioners' residence. Moreover, the disparity in payments for the two accounts indicates one bill was consistently much greater than the other bill. We thus find payments on account number 1148276041 were for the rental property. All checks for account 1148276041 were drawn between January and June of 1981. Petitioners failed to present any evidence that gas bills for the second half of the year were similar to those during the first half of the year. Moreover, since we do not know which units were occupied during the year and when they were occupied, we also have no way of estimating what the gas bills would be at the rental property. Therefore, we allow a deduction only to the extent of the checks actually presented *484 for account 1148276041, or a total of $ 1,385.84. Petitioners also claimed a deduction for garbage removal in the amount of $ 576.00. In support of this deduction they presented four checks payable to Arkansas Waste Disposal totalling $ 399.15. Of the four checks drawn, one check was for $ 44.35, one for $ 88.70 and two for $ 133.05. Respondent would have us disallow this deduction because of disparities in the amounts of the checks. Respondent fails to realize, however, that each payment is easily divisible by $ 44.35. This fact combined with Mr. Holmes' testimony that the city provides free garbage removal for his residence leads us to conclude that all of the checks presented were for garbage removal at the rental property. Moreover, since it is apparent that the monthly charge for garbage removal was $ 44.35, we have a reasonable basis to estimate petitioners' deduction at $ 532.20. Cohan v. Commissioner,39 F.2d 540 (1930). Petitioners claimed $ 4,100.00 rental depreciation in 1981. Petitioners did not provide a depreciation schedule with their tax return. Mr. Holmes testified that he used a ten-year straight-line method with a ten-year useful life *485 and no salvage value to depreciate all of his property. Mr. Holmes also testified that depreciation in 1981 was exactly the same as depreciation in 1980 and provided a copy of his 1980 depreciation schedule. [12] In 1980 petitioners claimed depreciation in the amount of $ 4,500.00. Presumably, petitioners did not depreciate the second house which had been previously depreciated at a rate of $ 400.00 per year. With the exception of a deed and a loan agreement on the first house purchased by petitioners, the 1980 depreciation schedule was the only evidence presented to substantiate petitioners' depreciation. *486 Since petitioners cannot prove the purchase date or purchase price of any of the trailers, we must disallow any deduction for their depreciation. Camp Wolters Land Co. v. Commissioner,5 T.C. 336 (1945), affd. in part, revd. in part 160 F.2d 84 (5th Cir. 1947). Petitioners did present evidence to prove both the purchase date and purchase price of the first house. The deed clearly specifies that the house was purchased in December 1970 for $ 18,944.50. Mr. Holmes stated that he attributed $ 18,000.00 of the purchase price to the house and the remainder to the land and run-down structures. Respondent claims that petitioner started to depreciate this house in 1970 and petitioner claims depreciation began in 1971. Since petitioner was using ten-year straight-line method of depreciation with a ten-year useful life an no salvage value, it does not matter whether depreciation began in 1970 or 1971. In either case, the property would be completely depreciated prior to 1981. Therefore, petitioners are not entitled to any depreciation for the 1981 taxable year. Petitioners claimed a casualty loss in the amount of $ 6,000 on their 1981 Federal tax return. *487 Section 165 authorizes taxpayer to deduct casualty losses sustained during the taxable year which are not compensated by insurance or otherwise. The amount of the deduction is equal to the fair market value of the property before the casualty less the fair market value of the property after the casualty. The amount of the deduction is further limited in that it cannot exceed the taxpayers' adjusted basis in the property. Petitioners have submitted Form 4684 (casualties and thefts), which was attached to their 1981 Federal tax return, as evidence of the amount their loss. Mr. Holmes' testimony also was in conflict with the loss claimed in 1981.[13] Petitioners have failed to prove both the basis and the value of the trailers. Thus, respondent's disallowance of this deduction must be sustained. Camp Wolters Land Co. v. Commissioner,5 T.C. 336 (1945), affd. in part, revd. in part 160 F.2d 84 (5th Cir. 1947). Self Employment Tax
The remaining issue is whether petitioners are subject to additional self-employment tax for the 1981 taxable year. Mr. Holmes business' profits must be upwardly adjusted because of the *488 disallowed deduction for his truck expenses. Therefore, petitioners are subject to additional self-employment tax. Decision will be entered under Rule 155.
Footnotes
1. Prior to trial respondent-conceded that petitioner was entitled to miscellaneous deductions in the amount of $ 901.90 and that petitioners were entitled to cost of goods sold of $ 11,737.00. Additionally, after trial, respondent conceded that petitioner was entitled to a utilities/telephone deduction in the amount of $ 240.00. ↩
2. Petitioners claimed casualty losses in the amount of $ 6,000. However, taxpayer are only able to recover casualty losses to the extent they exceed $ 100.00. Sec. 165. ↩
3. Petitioner claimed $ 240.00 on his 1981 Federal tax return as utility/telephone expense. At trial petitioner testified he claimed $ 30 per month as a telephone expense ($ 360.00). Since petitioners only claimed $ 240.00, we allow a telephone expense in that amount. ↩
4. Mr. Holmes believed the Internal Revenue instructions accompanying 1040 form authorized a $ 25/week deduction in lieu of documentary substantiation for travel expenses. He failed, however, to offer the document which advised this action. The Internal Revenue Service has issued a Revenue Procedure which authorizes an optional method of computing transportation expenses by automobile. Rev. Proc. 82-61, 1982-2 C.B. 849↩. Under the optional method, rather than substantiation of actual expenses incurred, a taxpayer may compute the deduction using a standard mileage rate of 20 cents per mile for the first 15,000 miles of business use each year and 11 cents per mile for business use in excess of 15,000 miles. 5. Petitioners failed to itemize their 1981 depreciation schedule and instead claimed an aggregate amount of $ 4,100.00. ↩
6. Petitioners offered an unauthenticated written statement of a Mrs. McClure corroborating that a fire occurred on or about February, 1981. Respondent stipulated that the document was a letter but objected to the introduction of the letter for substantive purposes. It is unnecessary to consider the statement of Mrs. McClure because we believe petitioners' testimony concerning the occurrence of the fire. ↩
7. In 1981 petitioner listed the cost or other basis of the 1974 trailer was $ 5,000. (Form 4684) On the 1980 depreciation schedule, however, the cost of other basis of the 1974 trailer was listed as $ 7,000. ↩
8. Petitioner claimed a casualty loss in the amount of $ 6,000 on his 1981 tax return ($ 5,000--1973 trailer and $ 1,000--1974 trailer). At trial, however, petitioner testified that he had $ 6,000 loss on the 1973 trailer, which exceeds his basis on his 1980 depreciation schedule ($ 5,000.00). He tried to justify the amount of the loss claiming it exceeded his cost because he had fixed up the trailer and furnished it. Petitioner offered no documentary evidence to support this contention. In addition, at trial Mr. Holmes stated damage to the 1974 trailer was minor, only about $ 100.00 to fix the roof. ↩
9. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during 1981, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
10. Each of the other two checks payable to Arkla Gas Company had a different account number. There is not adequate proof linking either check to the rental property. Therefore, deductions for those amounts are disallowed. ↩
11. The checks presented for Arkla Gas were drawn as follows: ↩
Date
Account 1148276041
Account 1546418042
January 10
$ 277.42
$ 61.98
February 15
319.66
88.14
March 9
235.63
81.39
March 28
169.76
-
March 29
-
47.76
May 15
174.13
37.60
June 20
209.24
36.54
September 15
-
16.59
October 10
-
33.57
12. Petitioners' 1980 depreciation schedule was as follows: ↩
Dep. allowed
Dep.
Description
Date
Cost or
or allowable
Dep.
Life
for this
of Property
Acq'd
Other Basis
in prior years
Method
or Rate
Year
House
1970
$ 18,000
10%
10 Yrs.
10
$ 1,800.00
Trailer 1
1980
6,000
10%
10 Yrs.
10
600.00
Trailer 2
1973
5,000
10%
10 Yrs.
10
500.00
Trailer 3
1976
5,000
10%
10 Yrs.
10
500.00
Trailer 4
1974
7,000
10%
10 Yrs.
10
700.00
House
1970
4,000
10%
10 Yrs.
10
400.00
13. See supra↩ n. 8.